IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CONNIE H.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 6:18-cv-01407-AA
**OPINION & ORDER**

AIKEN, District Judge:

Connie H. ("Plaintiff") brings this action under the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner has filed a Motion to Remand for further proceedings and concedes that the ALJ erred at step five in its response brief. *See* Def.'s Br. at 1–2. Plaintiff argues that remand should be for an immediate award of benefits. For the following reasons, I agree that remand for an immediate award of benefits is proper.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party or parties.

Page 1 -- OPINION AND ORDER

The parties agree that at step five, the burden of production shifted to the Commissioner to identify jobs existing in significant numbers in the national economy that Plaintiff could perform in light of her residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1560(c)(2). They also agree that the ALJ erred in concluding that the job of order filler met the Commissioner's step-five burden. This was because Plaintiff's advanced age required the ALJ to identify a job that Plaintiff could perform despite her impairment by transferring her skills from past work. The order filler job was the only job identified by the ALJ at step five. *See* Tr. at 25.

The Commissioner argues that further proceedings are needed because the record is unclear as to whether the order filler job is the only job that Plaintiff is capable of performing. The Commissioner explains that although the vocational expert ("VE") thought that order filler was suitable at Plaintiff's hearing, that it's still unclear whether the VE had other jobs in mind that Plaintiff could perform. The Commissioner then cites *Foley v. Berryhill*, WL 5598813, at *5 (D. Or. Nov. 21, 2017) for the proposition that further proceedings are warranted when a VE's testimony is ambiguous as to whether the one occupation identified was the only one that the claimant could perform. *See* Def.'s Br. at 5.

Having reviewed the hearing transcript, I find that the VE's testimony was not ambiguous. During Plaintiff's hearing the ALJ posed a hypothetical that reflected Plaintiff's abilities and asked the VE whether "there are any transferable skills from any of the jobs that you gave me to somebody within the scope of this hypothetical."

Page 2 – OPINION AND ORDER

Tr. at 75. After some questioning, the VE said order filler. *Id.* at 77. The ALJ followed up to clarify whether the VE could identify any other jobs that matched the ALJ's hypothetical, and the VE responded with " . . . that would be the only job that I would . . . be able to identify at that hypothetical." *Id.* at 78. Based on this testimony, the ALJ only identified the job of order filler at step five to meet the Commissioner's burden. *See id.* at 25. While the Commissioner states that "[i]t may be that [order filler] was the only such position the VE was prepared to put forward," the Court cannot remand on a mere possibility. The VE's testimony, when fairly read, does not indicate that the VE had other jobs in mind since she clarified that order filler was "the only job" consistent with the ALJ's hypothetical that she could identify. Given the lack of ambiguity, to require further proceedings "would create an unfair heads we win; tails, let's play again system of disability benefits adjudication" that the Ninth Circuit has cautioned again. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Thus, I find remand for an immediate award of benefits to be proper.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

Dated this 23rd day of July, 2019.

_____
Ann Aiken
United States District Judge